**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ALEJANDRO RODRIGUEZ, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 08-CV-6198 |
| BLATT, HASENMILLER, LEIBSKER & MOORE, LLC, | ) ) ) | Judge Shadur Magistrate Judge Cole |
| Defendant. | ) ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

NOW COMES Defendant Blatt, Hasemiller, Leibsker, & Moore, LLC ("BHLM"), by its undersigned attorneys, and, in support of its motion to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6), states as follows:

**INTRODUCTION**

Plaintiff ran up over two thousand dollars in charges on his Providian National Bank credit card and failed to pay. Compl., Ex. 1. The debt was sold to defendant Portfolio Recovery Associates LLC ("Portfolio") who hired BHLM to pursue collection. Compl., para. 7. After informal collection efforts failed, Portfolio, through its counsel, filed a collection lawsuit in Cook County Circuit Court on February 6, 2008 captioned *Portfolio Recovery Associates LLC. v. Rodriguez*, 08-M1-109617, with a Return Date of March 11, 2008. Compl., para. 7 and Exh. A. BHLM, through a process server, attempted to serve Plaintiff with the lawsuit and summons. When service was unsuccessful, the return date was reset to October 2, 2008, and BHLM, through a process server, served Plaintiff with the lawsuit and an alias summons on August 30, 2008 ("Alias Summons"). Compl., para. 11 and Exs. 1 and 2; *see also* affidavit of service of

Alias Summons attached hereto as Exhibit A.[1]  On or about September 5, 2008, BHLM filed the process server's affidavit of service with the Cook County Circuit Court.  *See* Ex. A.  Plaintiff (represented by the same attorney who represents him herein) filed a Motion to Dismiss the collection lawsuit on the grounds that the collection complaint contained technical deficiencies.  *See* Motion to Dismiss attached hereto as Exhibit B.  BHLM agreed to correct the technical deficiencies and was granted leave to file an amended complaint.  *See* Order dated December 9, 2008, attached hereto as Exhibit C.  In his motion to dismiss, Plaintiff did not bother to address whether the Alias Summons contained any errors.

While his motion to dismiss was still pending in the state court, Plaintiff filed this suit on October 29, 2008, attempting to convert alleged errors in the Alias Summons for the collection lawsuit into violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.  In effect, Plaintiff is asking this Court to use the FDCPA to police the contents of a state court issued alias summons in a small claims court collection lawsuit.  The Court should decline that invitation, and dismiss Plaintiff's complaint.

## PLAINTIFF'S COMPLAINT

Plaintiff brings this suit against BHLM, alleging that the Alias Summons in the collection lawsuit contained errors that amount to false statements in violation of § 1692e of the FDCPA.  Compl. ¶¶ 25-26.  He alleges that the false statements are (1) that the Alias Summons refers to a Par. 3(c) but that there is no Par. 3(c);  (2) that paragraph 3(a)(3) falsely states that a trial may be held on the Return Day; and (3) that the asterisk on the first page of the Alias Summons refers to the asterisk at the bottom of the second page resulting in a false statement that "only defendants

---

[1] "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Assoc. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th 1993).

in the Third District must file appearances in the Daley Center". Compl., paras. 17-22. Plaintiff

fails to state a claim under the FDCPA, thus this Court should dismiss Plaintiff's Complaint.

## STANDARD FOR DISMISSAL

On a Rule 12(b)(6) motion to dismiss, the court accepts as true all well-pleaded

allegations of the complaint, drawing all reasonable inferences in the plaintiffs' favor. *Jang v.*

*A.M. Miller & Assocs.*, 122 F.3d 480, 482 (7th Cir. 1997). However, under the recent Supreme

Court decision in *Bell Atl. Corp. v. Twombly*, 127 S. Ct 1955 (2007) ("*Twombly*"), plaintiffs

must do more than plead conclusory allegations in order to withstand a Rule 12(b)(6) motion.

Instead, a complaint "*must* contain something more . . . than . . . a statement of facts that merely

creates a suspicion [of] a legally cognizable right of action." *Id*. at 1965 (emphasis added;

internal citation omitted). Rather, "[a] plaintiff's obligation to provide the 'grounds' of his

'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Id*. at 1964-65 (citing *Papasan v. Allain*, 478 U.S.

265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal

conclusion couched as a factual allegation")).

## ARGUMENT

Plaintiff's Complaint should be dismissed because it attempts to use the FDCPA to

adjudicate the sufficiency of the contents of a state court alias summons. *See* Compl., ¶¶ 26-28.

The purpose of the FDCPA is "to eliminate abusive debt collection practices", not regulate the

details of state civil procedure. 15 U.S.C. § 1692(e). The FDCPA does not address state court

litigation nor does it provide any requirements for what an alias summons must contain. Plaintiff

cannot transform alleged errors in the Alias Summons from a state court civil procedure issue

into a federal lawsuit simply by calling it an FDCPA violation. "The FDCPA should not be used

as a way to piggyback one's state claims into federal court." *Washington v. North Star Capital Acquisition, LLC*, 2008 WL 4280139 (N.D.Ill. 2008). The alleged errors in the Alias Summons are state court concerns that can be addressed by the state court in the collection lawsuit.

Plaintiff's attempt to take a state civil procedure issue and move it to federal court under the guise of an FDCPA violation must be rejected as contrary to the purposes of the FDCPA. Other courts have agreed with this conclusion. In *Rosales v. Unifund CCR Partners, et al*., 08 C 03533 (N.D.Ill. December 5, 2008)(S. Der-Yeghiayan) the plaintiff alleged that Unifund presented affidavits in the state court collection lawsuit in which the declarants lacked personal knowledge in violation of the FDCPA. *Rosales v. Unifund CCR Partners, et al*., 08 C 03533, slip op. at 2 (N.D.Ill. December 5, 2008)(S. Der-Yeghiayan) (unreported) (a copy of this authority is attached hereto as Exhibit C). The *Rosales* Court granted Unifund's motion to dismiss, stating "Similarly, in the instant action, the alleged deficiencies in the Kenney Affidavits submitted in the state court proceedings relate to state court pleading requirements rather than the overarching policy concerns behind the FDCPA". The *Rosales* Court went on to state "Thus, Rosales' concerns regarding the propriety of the Kenney Affidavits attached to state court pleadings are state concerns and can be addressed by the state courts." *Rosales*, 08 C 03533, slip op. at 5 (N.D.Ill. December 5, 2008).

The same result must obtain here. Plaintiff is attempting to use the FDCPA to have his Illinois civil procedure concerns addressed by a federal court when they should be properly addressed in the state court. Permitting Plaintiff do to so works against the purpose of the FDCPA. The Court in *Washington v. North Star Capital Acquisition, LLC*, 2008 WL 4280139 (N.D.Ill. 2008) agreed. In *Washington*, the plaintiff filed an FDCPA lawsuit alleging that the defendant violated the Illinois Collection Agency Act ("ICAA") by filing a collection lawsuit in

state court knowing it had an invalid claim.  *Washington v. North Star Capital Acquisition, LLC*, 2008 WL 4280139 at *2  (N.D.Ill. 2008).   Plaintiff premised the invalidity on the defendant allegedly knowing that by failing to attach the assignment of the debt to the state court complaint it had not complied with Section 8b of the ICAA and thereby had provided plaintiff with a complete defense to the collection lawsuit.  *Id*.

In dismissing the complaint, the *Washington* Court stated "Therefore, Washington's 1692(e) claim is premised on an alleged violation of Illinois state pleading requirements and the FDCPA will not be used as vehicle to litigate claims arising under the Illinois rules of civil procedure."  *Id*.   The Court went on to explain "The FDCPA was designed to provide basic, overarching rules for debt collection activities; it was not meant to convert every violation of a state debt collection law into a federal violation."  *Id.* (citing to *Carlson v. First Revenue Assurance*, 359 F.3d 1015, 1018 (8th Cir. 2004)).   Here, Plaintiff attempts the same feat—to convert an issue of Illinois civil procedure into an FDCPA claim and, in the process, undermine the purpose of the FDCPA.

In addressing a similar issue, the Seventh Circuit noted in *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007), that "it is far from clear that the FDCPA controls the contents of pleadings filed in state court."  In *Beler*, the plaintiff filed an FDCPA lawsuit against the defendant claiming that the defendant's state court collection complaint violated the FDCPA because the allegations were allegedly confusing and unclear. *Id*. at 472.  The *Beler* court observed that "[t]his theory assumes that the [FDCPA] regulates the contents of complaints, affidavits, and other papers filed in state court."  *Id*.  Referring to its earlier decision in *Thomas v. Simpson & Cybak*, 392 F.3d 914 (7th Cir. 2004), the Court noted that

> *Thomas* did not imply that the FDCPA dictates the complaint's contents; to the
> contrary, we suggested (though we did not have an occasion to hold) that the
> state's rules of procedure, not federal law, determine which facts, and how much
> detail, must be included in documents filed with a clerk of court for presentation
> to a judge . . . Given this amendment and the limited rationale of *Thomas* itself, *it*
> *is far from clear that the FDCPA controls the contents of pleadings filed in state*
> *court.*

*Id*. at 473 (emphasis added). Thus, the FDCPA should not be seen to control what should be

included in state court pleadings, such as the contents of summons or whether a party is required

to attach documents to its state court complaint.  Instead, it is the job of the state court judge to

make determinations about the state court filings because the state court judge must prepare the

judgment and specify the relief to which the prevailing party is entitled. *Id*.

This Court should reach the same conclusion.  Plaintiff had an opportunity to raise any

Illinois civil procedure issues, including his concerns about the alleged errors in the Alias

Summons, with the Cook County Court when he appeared there and presented his motion to

dismiss.  Plaintiff should not be permitted to piggyback his state claims into federal court

through the FDCPA. Accordingly, the Court should dismiss Plaintiff's Complaint for failure to

state a claim under the FDCPA.

WHEREFORE, Defendant requests this Court enter an order dismissing Plaintiff's claims

against it with prejudice, awarding Defendant its costs and fees incurred herein, and entering

such further relief as this Court deems just, necessary and proper.


Dated: December 15, 2008                     Respectfully Submitted,

                                             BLATT, HASENMILLER, LEIBSKER &
                                             MOORE, LLC

                                             By:___*/s/* Amy R. Jonker_____
                                                   One of its Attorneys

David L. Hartsell
Amy R. Jonker
McGUIREWOODS LLP
77 W. Wacker Drive, Suite 4100
Chicago, Illinois 60601-1815
(312) 849-8100 Phone
(312) 849-3690 Fax
dhartsell@mcguirewoods.com
ajonker@mcguirewoods.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 15, 2008, I electronically filed the foregoing

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** with the Clerk of the

Court using the CM/ECF system which will send notification of such filing to the

following:

>           Alexander H. Burke
>           BURKE LAW OFFICES, LLC
>           155 N. Michigan Ave., Suite 732
>           Chicago, IL 60601
>           (312) 729-5288
>           (312) 729-5289 (fax)
>           ABurke@BurkeLawLLC.com


/s/ Amy R. Jonker


\6818488.1