IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
ALEJANDRO RODRIGUEZ, etc.,        )
                                  )
              Plaintiff,          )
                                  )
    v.                            )    No.  08 C 6198
                                  )
BLATT, HASENMILLER, LEIBSKER &    )
MOORE, LLC,                       )
                                  )
              Defendant.          )
```

MEMORANDUM OPINION AND ORDER

Blatt, Hasenmiller, Leibsker & Moore, LLC ("Blatt") has moved to dismiss this lawsuit (a putative class action) brought against it by Alejandro Rodriguez ("Rodriguez"), charging it with a violation of this provision of the Fair Debt Collection Practices Act ("Act," 15 U.S.C. §1692e):

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

Rodriguez premises that charge on the Supreme Court's application of the Act to lawyers who regularly bring lawsuits seeking to collect consumer debts (Heintz v. Jenkins, 514 U.S. 291, 294 (1995)). And Rodriguez' counsel seeks to build on that foundation by pointing to the form of summons employed by Blatt in bringing suit against Rodriguez on behalf of its client Portfolio Recovery Associates LLC.

But the two nits to which Rodriguez' counsel points in that respect are really poster children for the proclivity of some lawyers to seize on nonmaterial minutiae in an effort to grasp

the brass ring of attorneys' fees that are awardable to successful plaintiffs under the Act.  Although our Court of Appeals has been quite generous in applying the undemanding "unsophisticated consumer" standard to uphold claims by plaintiffs misled by debt collectors (including lawyers),[1] it has also been realistic in doing so.

Thus two opinions emanating from our Court of Appeals during the last 15 days have rejected attempts to extend the reach of the Act in an unwarranted fashion.  Here is a portion of the opinion in Wahl v. Midland Credit Mgmt., Inc., No. 08-1517, 2009 WL 426055, at *3 (7th Cir. Feb. 23)(citations omitted):

> In deciding whether collection letters violate the FDCPA, we have consistently viewed them through the eyes of the "unsophisticated consumer."  The "unsophisticated consumer" isn't a dimwit.  She may be "uninformed, naive, [and] trusting," but she has "rudimentary knowledge about the financial world" and is "capable of making basic logical deductions and inferences."  If a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA--even if it is false in some technical sense. For purposes of §1692e, then, a statement isn't "false" unless it would confuse the unsophisticated consumer. "[O]ur test for determining whether a debt collector violated §1692e is objective, turning not on the question of what the debt collector knew but on whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer." So, while the FDCPA is a strict liability statute--a collector "need not be deliberate, reckless, or even negligent to trigger liability"--the state of mind of the reasonable debtor is always relevant.

---

[1] This Court confesses to having been equally generous to this point--really overgenerous--in its preliminary oral observations regarding Rodriguez' Complaint.

And even more recently, here is Chief Judge Easterbrook's statement for the court in Hahn v. Triumph P'ships LLC, No. 08-1521, 2009 WL 529562, at *2 (7th Cir. Mar. 4)(citations again omitted):

> We do not see any reason why materiality should not equally be required in an action based on §1692e.  The statute is designed to provide information that helps consumers to choose intelligently, and by definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect).  This is the upshot of our conclusion in Wahl (slip op. 6) that, "[i]f a statement would not mislead the unsophisticated consumer, it does not violate the [Act]--even if it is false in some technical sense."  A statement cannot mislead unless it is material, so a false but non-material statement is not actionable.

Those cases, together with the submissions made by Blatt in support of its Fed. R. Civ. P. 12(b)(6) motion to dismiss the Complaint--most particularly in its just-filed Reply Memorandum--provide powerful grounds for granting that motion. There is really no need to elaborate on the basic flaws in Rodriguez' position that Blatt analyzes at its Reply Memorandum 4-6.  This Court orders dismissal of the Complaint and, because there is no way in which its fatal defects can be cured, dismisses this action as well.

_____
Milton I. Shadur
Senior United States District Judge

Date:   March 10, 2009